U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 17 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| AVOYELLES PARISH SCHOOL BOARD | CIVIL ACTION NO. 06-0699-A |
|---|---|
| -vs- | JUDGE DRELL |
| DELTA ASSETS OF NORTH CAROLINA, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Plaintiff Avoyelles Parish School Board ("School Board") filed a Motion to Remand, arguing that the amount in controversy in this case does not meet the minimum requirement necessary for this Court to exercise diversity jurisdiction. (Doc. 9). Defendants Delta Assets of North Carolina, L.L.C.. ("Delta Assets"); M.J. Farms, LTD., ("M.J. Farms"); and Agri-South Group, L.L.C, ("Agri-South") oppose this motion. The issue before us is whether the amount-in-controversy exceeds $75,000. Specifically, we are asked to determine whether collateral damages may be aggregated to satisfy the jurisdictional bar. For reasons to follow, Plaintiff's Motion to Remand is GRANTED.

## Background

The School Board owns immovable property surrounded by water and property owned by Defendants. Because the School Board's land is an enclosed

estate, Louisiana law gives the Plaintiff a right to traverse over neighboring property in order to gain access to the nearest public road from an enclosed estate. La. Civ. Code Ann. arts. 689, 694 (2004). (Doc 1). Delta Assets, M.J. Farms, and Agri-South ("Delta Assets et al.") own immovable property which would be affected by a right-of-way to Plaintiff's property (Doc 1). When the School Board asserted its entitlement to a gratuitous right-of-way over Defendants' pre-existing roads, Delta Assets et al. denied access to the property. (Doc 1). On April 5, 2006, Plaintiff filed a petition with the Twelfth Judicial District Court for Avoyelles Parish, State of Louisiana, seeking to enjoin Delta Assets et al. from denying the School Board's right of way. (Doc 1). On May 1, 2006, the School Board's request for preliminary injunction was denied. (Doc 1).

Delta Assets et al. removed the present action to this Court on April 26, 2006. (Doc. 4). The School Board then filed a Motion to Remand, averring that this Court lacks jurisdiction because the amount in controversy is less than $75,000. According to Plaintiff, the amount of land needed for the right-of-way is approximately 12.65 acres; making the value of the object in controversy $18,975, assuming it proper to use the fair market value of the land as the proper measuring tool.[1]

---

[1] Defendants aptly note that the School Board has failed to submit an affidavit confirming the validity of their calculation. Plaintiff measures the value of the land by calculating the value of each acre of land used. Defendants, on the other hand, measure the value of the controversy by adding the damage that might be sustained by the roads, and the decrease in property value as a result of such damages.

2

Defendants assert that it is not facially apparent from Plaintiff's petition that the amount in controversy exceeds the necessary jurisdictional amount. (Doc. 11). Delta Assets et al. argues that the amount in controversy should be measured from the Defendants' standpoint under these circumstances. (Doc. 11). Delta Assets et al. cites *Duderwicz v. Sweetwater Savings Ass'n*, 595 F.2d 1008 (1979), which holds that the amount in controversy should be measured by the pecuniary consequence to those involved in litigation, rather than the monetary amount that the Plaintiff stands to recover. (Doc. 11).

Defendants filed affidavits of John Bryant and Roger Killingsworth to support their contention that granting the right-of-way and use of the road system to the Plaintiffs may render the Defendants' land unusable. (Doc. 11). The affidavits confirm the sales of the land in question to defendants, and the establishment of the Catavoy Drainage Association and the covenants thereunder. The deeds and the covenants demonstrate a common interest among all of the defendants which validates the assembly of each of the claims. The Defendants also claimed that damages in excess of the jurisdictional requirement would accumulate with the diminution of the value of said land if the right-of-way is granted. If such damage were to occur, the value of the Defendants' land would decrease by at least $75,000, exclusive of cost and interest. (Doc. 11).

## Law and Analysis

Federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a). A defendant who removes a case to federal court bears the burden of establishing the court's jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). When the plaintiff does not disclose a clear numerical amount of damages in the pleadings, the defendant must satisfy his or her burden of proof by a preponderance of the evidence. *Id.* at 1409. Proof that the amount in controversy exceeds $75,000 may be demonstrated in one of two ways: (1) by showing it is "facially apparent" that the claims are probably in excess of the $75,000 jurisdictional bar; or (2) in setting forth facts in controversy, by removal petition or by affidavit, that establish the existence of the required amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Because Louisiana law precludes a plaintiff from specifying the pecuniary amount of damages sought in the initial complaint, defendants who remove to Louisiana federal courts must pursue one of these two approaches. La. Code Civ. P. art 893.

In an attempt to satisfy this burden, Delta Assets et al. introduced evidence arguing that if Plaintiff's right-of-way is granted Defendants may suffer damages in excess of $75,000. Delta Assets et al. correctly argues that the amount in controversy may be viewed from either party's standpoint. However, although

4

the amount of damage may be viewed from either standpoint, only damages which are applicable to the amount in controversy should be included. In civil actions seeking injunctive or declarative relief, "the amount in controversy is measured by the value of the object of litigation." *Hunt v. Wash. State Apple Adver. Comm'n.*, 432 U.S. 333, 347 (1997). Therefore, damages which are secondary, or collateral to the true object of litigation should not be included in the amount in controversy.

The matter before us is similar to *Garcia*, a Fifth Circuit case holding that collateral costs are secondary to the true object of litigation and thus not relevant to determining the existence of diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 640 (5th Cir. 2003). In the present action, the true object in litigation is the right-of-way which Plaintiff is seeking to use. John Bryant's and Roger Killingsworth's affidavits fail to disprove Plaintiff's assertion that the value of the land which will be affected is greater than $18,975. Instead, the affidavits and Defendants' opposition merely list servitudes and right-of-ways that existed upon the Defendants' purchases of the land. The affidavits also confirm the total value of each Defendant's land, and speculate as to the amount of damages that may be incurred as a result of Plaintiff's use of the existing roads. These speculated costs are collateral damages, and cannot be included in determining the amount in controversy. Therefore, in the absence of an

meritorious claim worth more than $75,000, Defendants fail to meet their burden of proof to sustain removal.

## Conclusion

Because Defendants have failed to prove by a preponderance of the evidence the existence of the requisite jurisdictional amount, Avoyelles Parish School Board's Motion to Remand is granted for lack of jurisdiction. This case will be remanded.

SIGNED on this 14th day of July, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE